UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARLOS THOMPSON,

     Petitioner,

v.                                                                    Case No. 4:17cv291-RH-HTC

MARK S. INCH,

     Respondent.

_____/

REPORT AND RECOMMENDATION

     Petitioner, Carlos Thompson, proceeding *pro se* and *in forma pauperis*, filed a petition under 28 U.S.C. § 2254 by delivering it to prison mail officials on June 23, 2017. ECF Doc. 1. Petitioner filed an amended petition on March 20, 2019, which contains two grounds of ineffective assistance of trial counsel ("IATC"). First, Thompson argues counsel was ineffective for advising him to reject a favorable plea offer from the State in favor of a straight-up or open plea. Second, he argues counsel was ineffective for misadvising Thompson that convictions for two of his charges would not constitute double jeopardy. ECF Doc. 38. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the amended petition, the State's response (ECF Doc.

52), and giving Thompson a chance to reply,[1] the undersigned recommends the amended petition be DENIED without an evidentiary hearing.

## I.    BACKGROUND

### A.    The Offense

Thompson was charged in a five-count Information on April 20, 2012 with committing the following offenses on March 29, 2012: (I) Kidnapping to inflict bodily harm or to terrorize with a firearm; (II) Lewd or lascivious battery; (III) Lewd or lascivious molestation; (IV) Promoting a sexual performance by a child; and (V) Possession of a firearm by a convicted felon.  ECF Doc. 22-1 at 7.

The charges arise from a sexual incident involving a teenage boy that included Thompson admitting to performing oral sex on the victim, touching the victim's penis, and the discovery of a photo of the victim's erect penis on Thompson's phone. Although the victim initially told his mother Thompson kidnapped him at gunpoint and forced him to engage in sexual acts, Thompson disputed those events and contended that the victim consented to the sexual encounter and that he did not know the victim was underage.  A search of Thompson's apartment did not reveal a gun and the State eventually dropped counts I and V.

On March 14, 2013, Thompson entered a plea of no contest to Counts II, III and IV.  ECF Doc. 22-1 at 66.  At sentencing, defense counsel argued various bases

---

[1] On November 26, 2019, the Court gave Thompson thirty (30) days to file a reply.  ECF Doc. 53. Thompson did not file a reply.

for downward departure, but the court found each of them legally unavailable to Thompson.  ECF Doc. 22-1 at 323-25.  The judge also stated that she would not exercise discretion to depart downward even if the departure were legally available. *Id.*  The judge then sentenced Thompson to 15 years' imprisonment on count II, to run consecutively with 10 years' imprisonment plus 5 years' probation on count III. She sentenced Thompson to 15 years' imprisonment on count IV, to run concurrently with the sentences in II and III, for a total sentence of 25 years' imprisonment followed by 5 years' probation.  *Id.* at 83-88.

### B.      Postconviction Proceedings

Petitioner filed a notice of appeal, but the Florida First District Court of Appeal (First DCA) dismissed the appeal on June 18, 2013, after Petitioner failed to respond to an order requiring him to either pay the appellate filing fee or file an order of insolvency.  ECF Doc 22-2.  On May 8, 2014, Petitioner filed a counseled motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended.  ECF Doc. 22-1 at 106 & 125.

The motion raised five grounds, including the two IATC grounds raised in the instant federal petition.  *Id.* at 125.  On January 7, 2015, the state court summarily denied Grounds 1, 3, 4, and 5, but ordered an evidentiary hearing on Ground 2, which was the IATC for failing to communicate a favorable plea offer to Thompson.  *Id.* at

147.  After the evidentiary hearing,[2] the state court denied relief on all claims and entered a final order on April 8, 2015.  ECF Doc 22-1 at 171.  Petitioner did not timely appeal the state court's denial of relief.

On May 28, 2015, Petitioner filed a counseled petition for belated postconviction appeal in the First DCA pursuant to Florida Rule of Appellate Procedure 9.141(c).  ECF Doc. 22-3.  The First DCA granted the petition on August 4, 2015.  *Thompson v. State*, 169 So. 3d 1293 (Fla. 1st DCA 2015) (copy at Ex. C, pp. 9) and affirmed the denial of the Rule 3.850 motion *per curiam* and without written opinion.  *Thompson v. State*, 225 So. 3d 807 (Fla. 1st DCA 2017) (Table).  The mandate issued May 5, 2017.

Petitioner filed his federal petition on June 23, 2017, and the Respondent moved to dismiss the action as untimely filed, arguing that the one-year statute of limitations period under the AEDPA was not tolled during the pendency of a motion to file a belated appeal.  ECF Doc. 22.  This Court answered that question in the affirmative, particularly because the motion to accept the belated appeal had been granted.  ECF Doc. 22.  Thus, timeliness of the petition is not an issue.

## II.    STANDARDS OF REVIEW

---

[2] The evidentiary hearing on Ground 2 was held on February 12, 2015, and the transcript begins at 22-1 at 179.

## A.    Federal Review Of State Court Decision

Under the standard of review for a § 2254 motion, this Court is precluded from granting habeas relief unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

The United States Supreme Court set forth the framework for a § 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).  *See id*., at 412-13 (O'Connor, J., concurring).  Under the *Williams* framework, a federal court must first determine the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *See Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  *See Thaler v. Haynes*, 559 U.S. 43, 47 (2010).  Once the governing legal principle is identified, the federal court must determine whether the state court's adjudication is "contrary to" the identified governing legal principle or the state court "unreasonably applie[d] that principle to the facts of the … case."  *See Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring).  Even if a federal court concludes the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively

unreasonable." *See Maharaj v. Sec'y Dep't of Corr.*, 432 F.3d 1292, 1308 (11ᵗʰ Cir. 2005).

**B**.       **Legal Standard For Ineffective Assistance Of Trial Counsel**

As stated above, Petitioner raises two grounds of IATC.  ECF Doc. 38.  To prevail on such claims, Thompson must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Counsel's performance is deficient only if counsel's "identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.  The deficient performance prejudiced the defendant only if the reasonable probability of a different result rises to a level that is "sufficient to undermine confidence in the outcome." *Id.* at 694.  To prevail on a claim of ineffective assistance of counsel, both parts of the *Strickland* test must be satisfied.  *Bester v. Warden, Att'y Gen. of the State of Ala.*, 836 F.3d 1331, 1337 (11th Cir. 2016) (citing *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000)), *cert. denied*, —— U.S. – ——, 137 S.Ct. 819 (2017).  However, a court need only address one prong, and if it is found unsatisfied, the court need not address the other prong.  *Id.*

## III.    DISCUSSION

### A.    Ground One: IATC For Misadvising Thompson To Decline The State's Plea And Enter A Straight-Up Plea

Thompson argues that he "didn't understand the magnitude of this case" because his likely sentence was "downplayed to the max" by his trial counsel.  ECF Doc. 38 at 6.  Specifically, Thompson admits that counsel communicated to him that the State was offering an 11-year plea, but that counsel also said the offer was "ridiculous."  Counsel told him the offer was too high and the threat of a 45-year sentence was "just some mumbo-jumbo" because the judge was likely to depart below the 132-month scoresheet range and sentence Thompson to much less.  *Id.*  Therefore, based on this faulty advice, Thompson rejected the State's plea offer and pled straight-up in an open plea, which resulted in Thompson receiving a sentence much higher than that predicted by counsel.

#### 1.    Exhaustion

The State argues Petitioner has failed to exhaust this claim because the claim raised in the 3.850 motion (Ground Two) was IATC for failing to communicate the State's plea offer to Thompson, whereas the ground in the federal petition is that counsel communicated the plea offer but misadvised Thompson to reject it.  ECF Doc. 52 at 19.  The undersigned disagrees.

Before filing a habeas petition in federal court, a petitioner must exhaust all available state court remedies.  28 U.S.C. § 2254(b), (c).  A failure to exhaust occurs

"when a petitioner has not fairly presented every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (internal quotation marks and brackets omitted). For an issue to be "fairly presented," a petitioner must have "presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citations and quotations omitted).

Section 2254(c) requires state prisoners to give state courts a *fair* opportunity to act on their claims. *Picard v. Connor,* 404 U.S. 270, 275-276 (1971). In short, "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).

Although Thompson alleged in Ground 2 of his 3.850 motion that counsel failed to tell him the State had offered him a plea, during the evidentiary hearing Thompson immediately admitted that counsel communicated the plea offer but that counsel wrongly advised him not to take it. ECF Doc. 22-1 at 182-83. Indeed, in the State's proposed order denying Ground 2, the State acknowledged that "[w]hile the defendant's allegation in claim two of the motion and amended motion is that trial counsel failed to convey a plea offer, at the hearing it was established that claim two in reality is a claim that trial counsel rendered ineffective assistance of counsel

by advising him to reject the State's plea offer and enter an open, or 'straight up', plea to the court." *Id.* at 166.  Moreover, in its order denying Ground 2, the state court adopted that part of the State's proposed order.  ECF Doc. 22-1 at 171-73.

Also, in Ground 3 of his 3.850 motion, Thompson argued counsel was ineffective for misadvising him about the potential time he would serve if he went with an open plea.  He argued that "defense counsel was under the false impression that the Prosecutor was not going to seek a lengthy sentence and was sympathetic to Defendant Thompson."  ECF Doc. 22-1 at 135.  He further argued that counsel told him to "'expect probation and not prison' prior to Thompson entering a plea of no contest." *Id.*  Reading Ground 3 with Ground 2 and along with the state court's order addressing these claims, the undersigned finds that the state court had "a full and fair opportunity to resolve" the claim currently before this Court and, therefore, Petitioner has exhausted this claim.  Thus, the undersigned will address the merits of this ground for relief.

### 2.   The merits

Because the First DCA affirmed the state court's denial of Petitioner's 3.850 motion without a written opinion, this Court will "look through" that decision to the last related state-court decision that provides a relevant rationale and presume that the unexplained decision adopted the same reasoning. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).  Here, that last decision comes from the two orders denying

Thompson's Amended Motion for Postconviction Relief.  ECF Doc. 22-1 at 147 &
171

In the first order, the state court rejected Thompson's claim in Ground 3
because the claim was refuted by the record as defendant knew the sentence was up
to the court, not the prosecutor; understood that there was no promise as to what the
sentence would be; understood the sentence could be up to forty-five (45) years; and
admitted that no one had told him what the sentence would be.  *Id.* at 147.  In the
second order (after the evidentiary hearing), the court denied relief on Ground 2
because the evidence at hearing, including the testimonies of Thompson and counsel,
showed that counsel communicated the plea to Thompson and that he was not
misinformed about the potential penalties.  Instead, what occurred was that both
Thompson and his counsel "thought they could get a better deal with an open plea.
Unfortunately they were wrong.  Florida law is clear that such a mistaken belief does
not afford a basis for postconviction relief."  ECF Doc. 22-1 at 173.  Additionally,
Thompson's decision to follow that advice was based on "Attorney Prince's
experience, Prince's analysis of the potential for downward departure and his
research on sentences provided in similar cases."  ECF Doc. 22-1 at 172.

Based on a review of the record, the undersigned finds that the state court did
not unreasonably misapply the facts or render a decision contrary to law.  Thompson
admitted counsel told him he could possibly receive a sentence of as much as 45

years and that a plea offer of around 10 years[3] was offered but that counsel thought that offer was excessive.  He also testified counsel told him not take the offer seriously because "it was ridiculous, that you know, for my charge, considering the fact from when he was a state attorney, that's not what they typically did that's not what was typical – what someone typically got."  Doc. 22-1 at 182.

Counsel testified that he communicated the offer to Thompson but that he did not think "the judge would light him up in the manner that she did."  ECF Doc. 22-1 at 207.  He also testified that there was a basis for a downward departure and that "statistically it made sense to plead straight up and try and get something better than the state attorney's office was offering."  *Id.*  Counsel said that there was not much discussion of the merits of the plea with Thompson because he knew from representing him and speaking to him frequently that "it just wasn't in the ball park of something he was realistically going to accept.  So that conversation really focused on, all right what do we do now."  ECF doc. 22-1 at 206.  Counsel further testified that "I am sure that Mr. Thompson believed, as I did, that he was going to get a better deal than what he ultimately got."  *Id.* at 172-73.

The *Strickland* standard applies to ineffective assistance of counsel claims arising out of the plea process, including to the negotiation and consideration of pleas that are rejected or lapse.  *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir.

---

[3] Thompson argues the offer was for 10 years but defense counsel recalled that it was for 11 years.

2014).  "Counsel has an obligation to consult with his client on important decisions and to keep him informed of important developments in the course of the prosecution." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991).  This obligation includes informing a client about formal plea offers presented by the government, and the failure to advise a client about such an offer is ineffective assistance of counsel.  *See Missouri v. Frye*, 566 U.S. 134, 144-45 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012).

Thompson has admitted that the plea offer was communicated to him, thus the only issues remaining concern counsel's advice to (1) reject the State's plea and (2) enter a straight-up plea to the Court.  In the context of a rejected plea offer, the prejudice prong requires the movant to show

> a reasonable probability that but for counsel's ineffectiveness: (1) 'the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)'; (2) 'the court would have accepted its terms'; and (3) 'the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'

*Osley*, 751 F.3d at 1222 (quoting *Lafler*, 566 U.S. at 164).  However, "after the fact testimony concerning [the movant's] desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer."  *Diaz*, 930 F.2d at 835.

In a case where a guilty plea has been entered, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Stephens v. Sec'y, Fla. Dep't of Corr.*, 678 F.3d 1219, 1225 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 484 (2012).  In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." *Hill*, 474 U.S. at 58.  Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial.  *Id.* at 56-59.

The state court found that Thompson and his counsel were aware of the calculated scoresheet sentence, the plea offer by the state and the maximum sentencing exposure, and that finding was reasonable.  The state court was also reasonable in concluding that an inaccurate prediction about sentencing will generally not be sufficient to sustain a claim of ineffective assistance of counsel.  *See United States v. Himick*, 139 F. App'x 227, 228–29 (11th Cir. 2005) (citing *United States v. Bradley*, 905 F. 2d 359, 360 (11th Cir. 1990) ("a defendant's reliance on an attorney's mistaken impression about the length of his sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence").  This is particularly true in this case since counsel's opinion that Thompson would get a better deal with the judge in an open plea was based on a strategic decision.  Counsel considered (1) the crime was an isolated incident and Petitioner had shown remorse; (2) the victim was an older teen and was

a willing participant; (3) the general sentencing range given to similar defendants in Leon County; and (4) the victim's questionable credibility. ECF doc. 22. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

Accordingly, the undersigned finds that Thompson cannot meet either the performance or prejudice prong under *Strickland*, and thus is not entitled to habeas relief on this ground.

### B.    Ground Two: IATC For Misadvising Thompson To Accept A Plea That Waived His Double Jeopardy Rights

Thompson argues that counsel was ineffective for concluding that his charges for counts I and III did not violate double jeopardy and had he been advised differently, he "would not have pled guilty to both offenses, insisting that counsel move to dismiss one of the counts or request a better offer from the state to include both offenses in the plea." *Id.* at 10-11. Thompson also argues the state court evaluated the deficiency of counsel's advice under the standards in effect in 2016, after *Roughton v. State* was decided and not the law in effect in 2013, the time of his plea. ECF Doc. 38 at 10.

Thompson exhausted this claim by raising it as Ground 1 in his amended state 3.850 motion. ECF Doc. 22-1 at 130. As with his other federal ground, the Court will "look through" the First DCA's *per curiam* opinion to the state court's order

denying Thompson's Amended Motion for Postconviction Relief.  ECF Doc. 22-1 at 147.

In that order, the state court denied relief on this ground because, although counts two and three "were committed during the same criminal episode, the convictions do not violate double jeopardy because these are two different sexual offenses."  Specifically, count 2 charged Thompson with lewd or lascivious battery by oral penetration or union between the mouth of the Defendant and the victim's penis, whereas count 3 charged the defendant with lewd or lascivious molestation by intentionally touching in a lewd or lascivious manner, the breasts, genitals, genital area, or buttocks, or the clothing covering them of the victim or forcing or enticing the child to so touch him.

Also, in Count 4, Defendant was charged with promoting sexual performance by a child in violation of section 827.071(3), an entirely different statute.  Moreover, as the state court noted, at "the plea hearing, counsel discussed his investigation of whether Defendant's convictions on Counts 2 and 3 violated double jeopardy, and Defendant assented that counsel had thoroughly researched the issue and determined that there was no viable double jeopardy claim in his case."  ECF Doc. 22-1 at 148.

The state court's rejection of this claim was not "contrary to, [and did not involve] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C.

§ 2254(d).  Notably, an attorney cannot be deemed ineffective for failing to raise claims that are "reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quotation omitted).  Thus, Thompson must show that his double jeopardy argument would have had merit if raised by counsel.

"The Double Jeopardy Clause protects against a second prosecution for the same offense," including "multiple punishments for the same offense."  *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quotation omitted).  "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Id.*; *see also Jones v. Thomas*, 491 U.S. 376, 381 (1989).

Courts determine whether a double jeopardy violation has occurred by applying the Supreme Court's test established in *Blockburger v. United States*, 284 U.S. 299 (1932). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304.

In the state court's decision, the court relied on *State v. Meshell*, 2 So. 3d 132, a 2009 decision from the Florida Supreme Court in which the Court addressed whether separate sexual acts (oral, anal, and vagina penetration), which occurred in the same sexual incident, are distinct criminal acts that can be subject to separate

punishment without violating the double jeopardy clause. *See Meshell*, 2 So. 3d at 132. The Court answered that question in the affirmative. In so doing, the Court surveyed Florida cases and held that "[s]exual battery of a separate *character and type* requiring different elements of proof warrant multiple punishments." *Meshell*, 2 So. 3d at 135 (citing *Duke v. State*, 444 So.2d 492 (Fla. 2nd DCA) (vaginal penetration followed a moment later by anal penetration), *aff'd*, 456 So.2d 893 (Fla.1984); *Grunzel v. State*, 484 So.2d 97 (Fla. 1st DCA 1986) (cunnilingus followed a few seconds later by vaginal intercourse); *Begley v. State*, 483 So.2d 70 (Fla. 4th DCA 1986) (attempted vaginal intercourse, attempted cunnilingus, fellatio, committed over two week period); *Bass v. State*, 380 So.2d 1181 (Fla. 5th DCA 1980) (oral sex followed by rape)). Therefore, in *Meshell*, the Court held, "Because the oral sex described in Count 3 is a criminal act distinctively different from the vaginal penetration or union in Count 1, there is not a double jeopardy violation." *Meshell*, 2 So. 3d at 135. *Meshell* is clearly applicable to the facts of this case.

In his petition, Thompson appears to downplay or misconstrue the applicability of the holding in *Meshell* as he argues that it was not until 2016 (three years after his plea), in *Roughton v. State*, 185 So. 3d 1207, 1208 (Fla. 2016), that the Florida Supreme Court held that dual convictions for sexual battery and lewd and lascivious molestation do not violate double jeopardy. Thompson's argument is misplaced.

The *Roughton* Court settled a district dispute regarding whether a single act could simultaneously support violations of multiple statutes and held that it could. That is, Roughton was convicted of both sexual battery on a person under twelve years of age and lewd or lascivious molestation on a person under twelve years of age for the single act of placing his mouth on the seven-year-old victim's penis. The *Roughton* Court held that because the battery statute and the lewd and lascivious molestation statutes each had elements that the other did not, conviction of both statutes for a single act did not violate double jeopardy. In reaching this holding, the *Roughton* Court rejected defendant's argument that double jeopardy applies because in his case the two counts in the accusatory pleading could be proved with exactly the same facts.

*Roughton* did not change the law and, instead, made it harder for a defendant charged with two sexual offenses based on the same conduct to benefit from a double jeopardy defense. Moreover, applying either *Meshell* or *Roughton* leads to the same conclusion because Thompson was charged with two offenses based on the separate sexual acts. Thompson was charged with two offenses that required different elements of proof *and* that were based on separate sexual acts: (1) fondling the victim's penis and (2) performing oral sex on the victim. Therefore, his convictions

for both of those acts would not have violated double jeopardy and neither the state court nor trial counsel applied the wrong law in reaching that conclusion.

For this reason, any double jeopardy claim raised by counsel would have failed, and advising Thompson to enter a guilty plea without raising such a double jeopardy claim was not deficient performance. Accordingly, the undersigned finds that Thompson is not entitled to relief on this ground.

## IV.  CONCLUSION

For the reasons above, Thompson is not entitled to habeas relief on his claims.

### A.  Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must consider the deferential standards prescribed by § 2254, particularly where the state court held an evidentiary hearing on an issue currently before the Court. *See id.*

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.      That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Thompson,* 2012-CF-1015, in the Second Judicial Circuit, in and for Leon County, Florida, ECF Doc. 1, be DENIED without an evidentiary hearing.

2.      That a certificate of appealability be DENIED.

3.      That the clerk be directed to close the file.

At Pensacola, Florida, this 2ⁿᵈ day of March, 2020.

_/s/ Hope Thai Cannon_

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.